UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Civil Action No. 5:18-CV-0810 (BKS/DEP) |
| **Plaintiff,** | |
| v. | |
| **$11,585.00 and $24,077.00 in United States Currency,** | |
| **Defendants.** | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Grant C. Jaquith, United States Attorney for the Northern District of New York, and Mary E. Langan, Assistant United States Attorney, brings this Complaint and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1) This is a civil action *in rem* to forfeit and condemn for the use and benefit of the United States of America the following property: $11,585.00 and $24,077.00 in United States Currency (collectively, "defendant currencies"), representing the proceeds of, and property having facilitated, offenses in violation of 21 U.S.C. §§ 841 and 846.

## THE DEFENDANTS *IN REM*

2) The $11,585.00 in U.S. currency was seized on February 20, 2018 at approximately 12:04 P.M. following a traffic stop of a 2014 red Nissan Sentra displaying New York license plate GWF7716 operated by Francine Haley at the intersection of James Street and Rugby Avenue in Syracuse, New York.

1


3) The $24,077.00 in U.S. currency was seized on February 20, 2018 at approximately 12:26 P.M. during a search of Francine Haley's residence, located at 121 Hillsdale Avenue, Syracuse, New York 13206.

4) The defendant currencies are presently in the custody of the United States Marshal Service in Syracuse, New York.

## JURISDICTION AND VENUE

5) The United States of America ("Plaintiff") brings this action *in rem* in its own right to forfeit and condemn the defendant currencies. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction under 28 U.S.C. § 1355(b).

6) Upon the filing of this Complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the defendant currencies pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7) Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

8) For offenses in violation of 21 U.S.C. §§ 841 and 846, the defendant currencies are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 801 et seq., all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 881, *et seq*.

## **FACTS: SEIZURE OF $11,585.00**

10) The facts alleged in this Complaint are based upon information and belief, the sources of which are reports from the Drug Enforcement Administration ("DEA"), and other written and oral information officially received by the Office of the United States Attorney for the Northern District of New York.

11) In February 2018, Special Agents with DEA, Syracuse New York resident office (hereinafter referred to as "agents") received information from a DEA confidential and reliable informant that a female known to the informant as "Fran" was planning to deliver approximately one-quarter pound of marijuana to a residence located off Highland Avenue in Syracuse, New York "around lunchtime."

12) The informant told agents that "Fran" resided at 121 Hillsdale Avenue, Syracuse, New York, drove a red car bearing New York license plate GWF7716, and sold multiple pounds of marijuana.

13) A subsequent New York State Department of Motor Vehicles records search on license plate GWF7716 revealed the vehicle is registered to Francine A. Haley (DOB: 2/02/1961) of 121 Hillsdale Avenue, Syracuse, New York, 13206.

14) At approximately 10:30 A.M., surveillance was established in the vicinity of 121 Hillsdale Avenue, Syracuse, New York, 13206. At that time, agents observed a 2014 red Nissan Sentra displaying New York license plate GWF7716 parked in the driveway of 121 Hillsdale Avenue.

15) At approximately 12:04 P.M., agents observed a female, subsequently identified as Francine A. Haley, exit the residence of 121 Hillsdale Avenue carrying a grocery bag and two

small, white cardboard boxes.  The grocery bag appeared to be consistent with the size of packaging for a quarter pound of marijuana.

16)     Haley walked to the red Nissan and placed the grocery bag and two small white boxes on the front passenger seat of the vehicle.  Agents observed Haley sitting in the driver's seat for approximately two minutes before she backed the vehicle out of the driveway and left the area.

17)     At approximately 12:10 P.M., agents initiated a traffic stop on the red Nissan at the intersection of James Street and Rugby Avenue.  An agent approached the driver's side of the vehicle and noted that Haley was the vehicle's sole occupant.

18)     Haley rolled down the window at the agent's approach.  The agent notified Haley that she had been pulled over because agents were conducting a drug investigation. He requested her driver's license, which she gave to him.  He also noticed the strong odor of fresh marijuana emanating from the vehicle.

19)     At this time, two agents were standing on the passenger side of the vehicle.  Agents noted that they could clearly see what was believed  marijuana inside of a grocery bag that was on the front passenger seat of the vehicle.

20)     Agents asked Haley to step out of her car and walked her to the back of the vehicle. Agents then asked Haley if there was any marijuana in the vehicle.

21)     Haley initially responded that there was no marijuana in the vehicle.  After Halsey was advised that agents clearly observed the marijuana on the front seat, Haley admitted that she had more than an ounce in the car.

22)     A search of the vehicle was conducted.  During the search, TFO Lavigne recovered approximately four ounces of marijuana contained in a ziplock-style bag.  The ziplock-style bag was inside a white grocery bag, which was lying  on the front passenger seat in plain view.

23) Also found during the search were two white United States Post Office (USPS) boxes on the front seat. Each box was addressed to: Doug Reed, 33500 Follman Way, Lake Elsinore, California 92530. The return address was: F. Haley, 121 Hillsdale Ave., Syracuse, New York 13206.

24) Agents asked Haley what was in the USPS boxes and Haley stated the boxes contained money. When asked how much, Haley stated, [m]aybe nine or ten," which SA Overend confirmed meant $9,000.00 to $10,000.00.

25) At approximately 12:15 P.M., the boxes were opened and found to contain an unknown amount of currency in envelopes. The currency was seized and later transported to Loomis Bank; the amount was determined to be $11,585.00 in U.S. currency.

26) Subsequent to the discovery of the currency Haley was placed under arrest and recited her Miranda rights, Haley stated she understood.

27) Halsey was advised that agents were going to apply for a search warrant for her residence. Haley became visibly upset and stated that her husband, did not know that she sold marijuana and "has nothing to do with it."

28) Haley stated that she lived in the same house as her husband but that they were separated. Haley explained that she lived in the basement and that her husband had no access to her living area. She stated that she kept her marijuana in the basement living space.

29) Haley was asked how much marijuana she had in her living space. Haley initially stated she had fifteen pounds of marijuana and $30,000, but later changed it to thirty pounds of marijuana and $15,000.

30) Haley agreed to take agents back to the residence, unlock her room, and show them the marijuana, on the condition that they not notify or bother her husband.

31) At approximately 12:22 P.M., Haley signed a DEA Consent to Search form for her residence, 121 Hillsdale Avenue, Syracuse, New York, 13206. The warrant specified the search was to be confined to only the finished basement area only.

32) Haley was then transported to 121 Hillsdale Avenue, Syracuse, New York, 13206.

## FACTS: SEIZURE OF $24,077.00

33) At approximately 12:26 P.M., agents entered 121 Hillsdale Avenue. No one else was in the residence at that time.

34) Haley led agents to the finished basement, which contained a common area. Haley then pointed to a nearby door, locked with a padlock. Haley advised that her bedroom was behind the padlocked door, and that the key to the padlock was on her car key ring.

35) Agents gave Haley her keys and she unlocked the padlock, and then led agents into her bedroom. She pointed to three plastic bins at the foot of her bed and advised that the marijuana was in the bins. She indicated that two additional plastic bins on the floor next to a dresser also contained marijuana.

36) Upon inspection, the five bins contained a total of twenty-eight individually vacuum sealed bags with the markings "Animal Cookies" on each bag. Each vacuum sealed bag contained approximately one pound of marijuana, for a total weight of approximately twenty eight pounds.

37) Agents also noted that on top of the three bins of marijuana at the foot of the bed were three white USPS boxes, identical to the ones seized from Haley's vehicle. As with the boxes in the vehicle, each box was addressed to Doug Reed, 33500 Follman Way, Lake Elsinore, CA 92530, from F. Haley, 121 Hillsdale Ave, Syracuse, NY 13206.

38) The boxes were opened and found to contain an unknown amount of U.S. currency contained in envelopes. There was also an unknown amount of loose currency on top of a desk next to the bed.

39) Agents seized all the observed currency. After later transport to Loomis Bank, the amount was determined to be $24,077.00.

40) At approximately 12:50 P.M., the consent search was terminated and the residence was left secure. Haley was transported back to the Syracuse police station to be processed.

41) After Haley was processed, Haley was interviewed further.

42) During the interview, Haley stated that she had started selling marijuana approximately six to eight months before, and that the Doug Reed to whom the USPS boxes were addressed was her brother, and the source of her supply of marijuana. She did not know who supplied Reed with his marijuana.

43) Haley stated Reed would send her three to ten pounds of marijuana at a time via U.S. Mail. Reed charged Haley $1,500.00 per pound, which Haley then sold for approximately $1,700.00 per pound. After selling the marijuana, Haley sent the money back to Reed via U.S. Mail. Haley stated that she had received approximately fifty pounds of marijuana from Doug Reed over the last six months.

44) Haley was reluctant to provide information regarding her marijuana customers, but advised a black male from the west side of Syracuse known as "Guchi" purchased a total of three pounds of marijuana from her on three different occasions.

45) The interview was concluded and Haley was transported to the Onondaga County Justice Center, where she was charged with Criminal Possession of Marijuana, 1st Degree, and Unlawful Possession of Marijuana.

47) Haley was released from custody on February 21, 2018.

## POTENTIAL CLAIMANTS

48) On or about April 9, 2018, the DEA received an Administrative Claim for the defendant currency from Francine A. Haley, electing to have the matter of its seizure and forfeiture referred for judicial action.

49) Upon information and belief, claimant Francine Haley is not in the military service, is not an infant, and is not an incompetent person.

50) Upon information and belief, Francine A. Haley is self-employed as a property manager.

**WHEREFORE**, the United States of America requests:

1. That a Warrant for Arrest *In Rem*, in the form submitted with this Complaint, be issued to the United States Marshal of the Northern District of New York or any subcontractor thereof and/or to any duly authorized law enforcement officer;

2. That the Court direct any and all persons having any claim to the defendant currencies to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Rule G of the Supplemental Rules, or suffer default thereof;

3. That a judgment be entered declaring the defendant currencies to be forfeited and condemned to the use and benefit of the United States of America; and

4. That Plaintiff be awarded its costs and disbursements in this action and such other and further relief as this Court deems proper and just.

Dated: July 9, 2018                                  Respectfully Submitted,

                                                         GRANT C. JAQUITH
                                                         United States Attorney

By:   */s/ Mary Langan*
        Mary E. Langan
        Assistant United States Attorney
        Bar Roll No. 518971

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF ONONDAGA       )

Stephen M. Overend, being duly sworn, deposes and states:

I am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers

Dated this 5th day of July, 2018.

_____
Stephen M. Overend, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this ___5th___ day of July 2018.

_____
Notary Public

MICHELLE J. TROUBETARIS
Notary Public - State of New York
Qualified in Onondaga County
No. 01TR6152879
My Commission Expires September 25, 20_18_

10

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
$11,585.00 and $24,077.00 in United State Currency

**(b)** County of Residence of First Listed Plaintiff: **Onondaga**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Onondaga**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mary E. Langan, Assistant U.S. Attorney (315) 448-0672
United States Attorney's Office, 100 South Clinton Street
Syracuse, New York 13261

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  |  | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / **Habeas Corpus:** |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land |  [ ] 530 General |  |  |  |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | **IMMIGRATION** |  |  |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee |  |  |
|  | [ ] 440 Other Civil Rights | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

[ ] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21USC 881
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/09/2018
SIGNATURE OF ATTORNEY OF RECORD: s/Mary E. Langan

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT **Waived** APPLYING IFP _____ JUDGE **BKS** MAG. JUDGE **DEP**

Case No.: 5:18-CV-0810

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.     Example:   U.S. Civil Statute: 47 USC 553
                         Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.